1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

13

14

ANTOLIN ANDREW MARKS,

                   Petitioner,

      v.

PETER D. KEISLER, Acting Attorney
General,[1]

                   Respondent.

CASE NO.  C07-1608-MJP

REPORT AND
RECOMMENDATION

15

## I. INTRODUCTION

16

17

18

19

20

21

22

      On October 4, 2007, petitioner Antolin Andrew Marks, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  This is the fifth habeas petition petitioner has filed in this Court since he was transferred from the California State Prison – Solano in Vacaville, California, to the Northwest Detention Center in Tacoma, Washington, in August 2005. *See Hopper v. Roach*, Case No. C05-1812-RSL; *Marks v. Clark,* Case No. C06-717-RSL; *Marks*

23

24

25

     [1] Pursuant to Federal Rule of Civil Procedure 25(d)(1), acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

26

REPORT AND RECOMMENDATION
PAGE – 1

1  *v. Clark*, Case No. C06-1679-JLR; *Marks v. Clark*, Case No. C06-1796-RSM.[2]  In the instant case,

2  petitioner claims that his removal proceedings are improper because he is a United States citizen.

3      Having reviewed the petition and the balance of the record, the Court recommends that

4  petitioner's habeas petition be denied for lack of jurisdiction.

5                                    II.  BACKGROUND

6      Petitioner has used or has been known by over fifty aliases, including Vincent Daniel Hopper,

7  Wayne Ricky Elison Rudder, and Antolin Andrew Marks.  (*Hopper v. Roach*, Case No. C05-1812-

8  RSL, Dkt. #37 at L508-509-Pt. 1; L567-Pt. 1; L571-Pt. 1).  Petitioner's fingerprints match the

9  fingerprints of alien Wayne Ricky Elison Rudder, who is a native and citizen of Trinidad and who

10  was admitted to the United States on or about March 7, 1974, as an immigrant.  (*Hopper v. Roach*,

11  Case No. C05-1812-RSL, Dkt. #37 at L383-84-Pt. 1; R1034-35-Pt. 1; R1021-Pt. 1).

12

13      A.  Petitioner's First Removal From the United States

14      On or about September 24, 1991, the former Immigration and Naturalization Service[3]

15  ("INS") issued an Order to Show Cause ("OSC"), placing petitioner in deportation proceedings and

16  charging petitioner with being deportable from the United States for having been twice convicted

17  of Possession of a Controlled Substance.  (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37

18  at L555-69-Pt. 1; R301-302-Pt. 1).  Petitioner appeared for his deportation hearing before an

19

20      [2] Petitioner has also filed eleven civil rights complaints in the Western District of
21  Washington at Tacoma.  *See* 06-5057-FDB; 05-5662-FDB-KLS; 06-5058-FDB-JKA; 06-5085-
    RBL-JKA; 06-5282-RBL-KLS; 05-5680-RBL-JKA; 06-5675-RBL; 07-5007-RBL-KLS; 06-
22  5696-RBL-KLS; 07-5259-RJB-KLS; 07-5282-FDB-KLS.

23      [3] Effective March 1, 2003, the Immigration and Naturalization Service was abolished
    pursuant to the Homeland Security Act of 2002, 116 Stat. 2135, Pub. L. 107-296, *codified at* 6
24  U.S.C. § § 101, *et seq.*, and its immigration functions were transferred to the Department of
    Homeland Security ("DHS").

25

26  REPORT AND RECOMMENDATION
    PAGE – 2

Immigration Judge ("IJ") and admitted the allegations contained in the OSC and conceded deportability as charged.  Instead of deportation, petitioner filed an application for waiver of inadmissability under INA § 212(c) and an application for asylum and withholding of deportation. On July 26, 1993, the IJ denied petitioner's applications, and ordered petitioner deported from the United States to Trinidad on the charges contained in the OSC.  (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at R999-1021-Pt. 1).  Petitioner filed an appeal of the IJ's decision to the Board of Immigration Appeals ("BIA"), which was denied on November 4, 1993.  (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at R1022-31-Pt. 1).  On November 18, 1993, petitioner filed a direct appeal of the BIA's decision in the Ninth Circuit Court of Appeals, which was dismissed for lack of jurisdiction.  (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. # 37 at R753-54-Pt. 1).  Petitioner also filed a Petition for Emergency Stay of Deportation in the United States Court of Appeals for the District of Columbia Circuit, which was dismissed on December 6, 1993, for improper venue.  (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at R755-57-Pt. 1).  On December 8, 1993, petitioner filed a Motion for Emergency Stay of Deportation with the United States Supreme Court, which was denied the same day.  (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at R842-872-Pt. 1; L278-Pt. 1).  On December 9, 1993, petitioner was removed from the United States to Trinidad.  (*Hopper v. Roach*, Case No. C05-1812-RSL Dkt. #37 at L269-70-Pt. 1; L274-Pt. 1).

   B. Petitioner's Second Removal Proceedings

   On January 14, 1994, only one month after he had been removed, petitioner illegally reentered the United States without inspection.  He remained in the United States illegally for more than eleven years before he was discovered at the California State Prison – Solano, where he was serving

REPORT AND RECOMMENDATION
PAGE – 3

his sentence for a conviction for Grand Theft.  On August 18, 2005, petitioner was released from the California State Prison and transferred to ICE custody.  Petitioner claimed that he was Daniel Vincent Hopper, born in Los Angeles, California, and that he had been deported to Trinidad in 1993 illegally.  (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at R996-98-Pt. 1).  A fingerprint comparison performed by the Department of Homeland Security Forensic Laboratory showed that petitioner's fingerprints matched the fingerprints of an alien who went by the alias Ricky Elison Rudder who had been deported to Trinidad on December 9, 1993.  (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at R1033-34-Pt. 1).

On August 18, 2005, petitioner was served with a Warrant for Arrest of Alien, a Notice of Custody Determination, and a Notice to Appear, placing him in removal proceedings and charging him with removability for entering the United States without being admitted or paroled, and for reentering the United States after being ordered deported without being admitted or paroled.  (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at L530-35-Pt. 1).  On September 26, 2005, petitioner appeared before an IJ, claiming that this was a case of mistaken identity and that he is a United States citizen and was wrongfully removed in 1993.  On October 12, 2005, petitioner filed an application for asylum and withholding of removal.  (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at L583-576-Pt. 1).  His case was scheduled for trial on February 22, 2006, on the issues of removability and asylum from Trinidad.  (*Hopper v. Roach*, Case No. C05-1812-RSL, Dkt. #37 at R1043-1045-Pt. 1; Dkt. #39 at 3 n.1).

On March 23, 2006, however, petitioner was transferred to the custody of the Tacoma Police Department for extradition to California pursuant to a September 1, 2005, warrant for his arrest for a parole violation.  (*Hopper v. Clark*, Case No. C05-1812-RSL, Dkt. #59).  On March 28, 2006,

REPORT AND RECOMMENDATION
PAGE – 4

ICE filed a motion in the Immigration Court requesting that petitioner's pending removal proceedings be administratively closed because petitioner was no longer in ICE custody.  On March 29, 2006, the IJ issued an Order administratively closing petitioner's removal proceedings.  (*Hopper v. Clark*, Case No. C05-1812-RSL, Dkt. #58, Ex. B).  On April 11, 2006, petitioner returned to the NWDC after California officials decided not to extradite him, and his removal proceedings were reopened.

On December 1, 2006, after a removal hearing, the IJ denied petitioner's application for asylum, withholding of removal, and withholding of removal under Article III of the Convention Against Torture, and ordered him removed to Trinidad and Tobago (*Marks v. Clark*, Case No. C06-717-RSL, Dkt. #22).   On February 1, 2007, the IJ denied petitioner's request for a change in custody status.  *Id.*  Petitioner timely appealed the IJ's removal order and bond order to the BIA.  On April 11, 2007, the BIA dismissed petitioner's appeal of the IJ's removal order.  Accordingly, petitioner's order of removal became administratively final on April 11, 2007.  On April 20, 2007, the BIA dismissed petitioner's appeal of the IJ's bond order and vacated the IJ's bond order as moot, noting that neither the IJ nor the BIA had authority to set bond conditions because a final order of removal had been entered.  *Id.*

On May 3, 2007, petitioner filed a Petition for Review of the BIA's decision and a motion for stay of removal in the Ninth Circuit Court of Appeals.  The Ninth Circuit denied and dismissed the petition and the accompanying motions on July 27, 2007.  *Rudder v. Gonzales*, No. 07-71756 (9th Cir. filed May 3, 2007).

Petitioner has filed several dozen other petitions for review in the Ninth Circuit Court of

REPORT AND RECOMMENDATION
PAGE – 5

Appeals without success, challenging various administrative and district court decisions.[4] As Circuit Judge Marsha S. Berzon recently stated, "[a]lthough petitioner has become as adept as the best attorney at accessing the courthouse clerk's office, his success rate on the merits of his cases is much less enviable.  And therein lies Andrew's problem." *Andrews v. Cervantes*, 493 F.3d 1047, 1049 (9th Cir. 2007).

## III.  DISCUSSION

The sole and exclusive avenue for review of a citizenship claim is by direct petition for review to the United States Court of Appeals.  *See Baeta v. Sonchik*, 273 F.3d 1261, 1263-64 (9th Cir. 2001) (citing INA § 242(b)(5), 8 U.S.C. § 1252(b)(5)).  Section 242(b)(5) of the Immigration and Nationality Act provides:

> (A) If the petitioner claims to be a national[5] of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.
> (B) If the petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceedings to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under section 2201 of Title 28.
> (C) The petitioner may have such nationality claim decided only as provided in this paragraph.

8 U.S.C. § 1252(b)(5).  Further, "[i]f an alien in a removal proceeding is ordered removed, but contends that [he] is a United States citizen, § 1252(b)(5) is the exclusive statutory method of

---

[4] The Ninth Circuit has imposed a pre-filing order against petitioner.  *See Andrews*, No. 05-80067 (9th Cir. filed July 25, 2007).

[5] Under the Immigration and Nationality Act "[t]he term 'national of the United States' means (A) a citizen of the United States, or (B) a person, who, though not a citizen of the United States, owes permanent allegiance to the United States."  INA § 101(a)(22); 8 U.S.C. § 1101(a)(22).

REPORT AND RECOMMENDATION
PAGE – 6

1    determining the claim of citizenship, and it is brought as a petition for review of a final order of

2    removal." *Taniguchi v. Schultz*, 303 F.3d 950, 956 (9th Cir. 2002).  Accordingly, the Court does

3    not have jurisdiction to consider the merits of petitioner's claim that his removal proceedings are

4    improper because he is a United States citizen.  *See* INA § 242(b)(5), 28 U.S.C. § 1252(b)(5).

5          When a citizenship claim is improperly brought in the district court, the court must consider

6    whether the action should be transferred to the Court of Appeals.  *See* 28 U.S.C. § 1631; *see* also

7    *Baeta*, 273 F.3d at 1264.  Section 1631 provides:

8          Whenever a civil action is filed in a court as defined in section 610 of this title or an
9          appeal, including a petition for review of administrative action, is noticed for or filed with
           such a court and that court finds that there is want of jurisdiction, the court shall, if it is
10         in the interest of justice, transfer such action or appeal to any other such court in which
           the action or appeal could have been brought at the time it was filed or noticed, and the
11         action or appeal shall proceed as if it had been filed in or noticed for the court to which
           it is transferred on the date upon which it was actually filed in or noticed for the court
12         from which it was transferred.

13   28 U.S.C. § 1631.  Thus, under the transfer statute, the Court must determine whether:  (1) the

14   Ninth Circuit would have had jurisdiction on the date the habeas petition was filed in this Court; (2)

15   this Court lacks jurisdiction over this case; and (3) the transfer is in the interests of justice.  *See*

16   *Baeta*, 273 F.3d at 1264.  Here, transfer is not appropriate because the first and third requirements

17   are not met.  First, petitioner's claim that his removal proceedings are improper because he is a

18   United States citizen has already been considered and denied by the Immigration Court, the BIA,

19   and the Ninth Circuit.  The Ninth Circuit determined that petitioner's claim lacks merit and has

20   entered a pre-filing order against petitioner.  As the Ninth Circuit has already resolved petitioner's

21   claim of citizenship, the Ninth Circuit would not have had jurisdiction on the date the habeas

22   petition was filed in this Court.  For these same reasons, transfer to the Ninth Circuit is not in the

23   interests of justice.

24

25
     REPORT AND RECOMMENDATION
26   PAGE – 7

Finally, the REAL ID Act of 2005 has stripped the district court of habeas jurisdiction to consider a challenge to a final order of removal. *See* REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005). Such challenges may only be reviewed by the appropriate court of appeals. *See* INA § 242(a)(5),[6] 8 U.S.C. § 1252(a)(5). Given the fact that petitioner is now subject to an administratively final order of removal, judicial review of his claim that his removal proceedings are improper because he is a citizen of the United States is available only before the court of appeals, not the district court. Accordingly, the petition must be dismissed for lack of jurisdiction.

## IV.  CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's Petition for Writ of Habeas Corpus be dismissed with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this <u>16th</u> day of October, 2007.

Mary Alice Theiler
United States Magistrate Judge

---

[6] "Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e)."

REPORT AND RECOMMENDATION
PAGE – 8