UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTOLIN ANDREW MARKS,

    Petitioner,

v.

ERIC HOLDER, JR.,

    Respondent.

NO. C07-1608MJP

ORDER ON MOTION TO REOPEN

The above-entitled Court, having received and reviewed

1.    Motion for Reopening This Matter Based Upon New Ninth Circuit Finding (Dkt. No. 38)

2.    Motion for Judicial Notice (Dkt. No. 39)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that the motion to reopen the case is DENIED.

Petitioner brings before this Court Ninth Circuit authority which he claims "calls into question" the Court's rationale in dismissing his habeas corpus petition on December 21, 2007 (Dkt. No. 9). He cites <u>Flores-Torres v. Mukasey</u>, 548 F.3d 708 (9th Cir. 2008) for the proposition that district courts have jurisdiction to consider citizenship questions of persons subjected to removal proceedings. The problem with Petitioner's legal authority is that the holding of the <u>Flores-Torres</u> case is specifically applicable to persons who are the subject of <u>ongoing</u> removal proceedings (persons who are challenging detention orders prior to conclusion of removal proceedings).

Mr. Marks' case is distinguishable in that he was the subject of a final removal order (i.e., his removal proceedings had been concluded unfavorably to him) at the time of his habeas petition. Section 1252 of the Immigration and Nationality Act, as amended by the REAL ID Act, Pub.L. No. 109-13, Div. B, 199 Stat. § 231 (2005), makes it clear that, once a petitioner is the subject of an order

**ORD ON MTN**
**TO REOPEN - 1**

of removal, appellate jurisdiction regarding that order rests solely with the Court of Appeals. It is correct that, if the appellate court determines that there is a genuine issue of fact about a petitioner's nationality, that court shall refer the question to the district court in which the petitioner resides "for a decision on that claim as if an action had been brought in the district court under section 2201 of Title 28" (8 U.S.C. § 1252(b)(5)(B)), but there has been no referral from the Ninth Circuit of a question involving Petitioner's nationality, and the Court's previous finding of "no jurisdiction" stands.

Furthermore, from all appearances this Court's previous ruling is on appeal by Petitioner to the Ninth Circuit currently, which further divests this Court of jurisdiction to hear, much less rule upon, any legal or factual issue in this matter.

Petitioner's motion to reopen his case is therefore DENIED.

Dated: September _15__, 2009

Marsha J. Pechman
U.S. District Judge

ORD ON MTN
TO REOPEN - 2